In re: John Randall **FUTCH**,
Petitioner.

No. 09–1788.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
April 9, 2009.

Opinion filed: May 7, 2009.

John Randall Futch, Fort Dix FCI, Fort Dix, NJ, pro se.

U.S. Atty. Camden, Office of United States Attorney, Camden, NJ, for United States of America.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

OPINION

PER CURIAM.

In February 2009, John Futch, a prisoner at the Federal Correctional Institution at Fort Dix, filed a petition for a writ of mandamus. For the reasons stated below, we will deny the petition.

In his petition, Futch contends that the United States District Court for the District of New Jersey failed to "process" a *Bivens*[1] action he claims to have filed in December 2008. Futch attaches a version of his complaint, which is marked "Copy." Futch also states that he wrote a letter to the Honorable Robert B. Kugler, in which he referred to the filing of his December *Bivens* action, and explained that he also sought injunctive relief. Futch requests in his mandamus petition that this Court issue an order that "his Bivens action be process in accordance to law" [sic].

We have original jurisdiction over a petition for a writ of mandamus that seeks to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). The writ of mandamus is an extreme remedy that is granted only when there is no other remedy available to the petitioner and the petitioner's right to mandamus relief is clear and indis-

---

**1.** *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

putable. *Kerr v. United States Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *In re Pasquariello,* 16 F.3d 525, 528 (3d Cir.1994). Futch attached to his petition a handwritten complaint which he claims he filed to initiate a *Bivens* action, but provides no proof of filing, stamp, or civil action number.[2] Furthermore, our search of the docket for the District Court for District of New Jersey yields no record of a *Bivens* action filed by Futch in December 2008.[3] Because Futch has provided no evidence that he filed a *Bivens* complaint in December 2008, and because, even if he had, he filed this mandamus petition a mere two months later, we cannot conclude that he has a "clear and indisputable right" to the relief sought. *See Madden v. Myers,* 102 F.3d 74, 79 (3d Cir.1996) (discussing delay). Therefore we will deny Futch's mandamus petition.

2.  It is unclear what Futch means by "process." To the extent he is alleging merely that he mailed his complaint and is complaining that the District Court has yet to docket it, his petition fails because he provides no evidence that he mailed the complaint and/or that the court received it

3.  A search for all cases involving Futch as a party reveals that he has filed several matters in the District Court of New Jersey. *See Futch v. Cemero,* No. 08–cv–03545, *Futch v. McKinnon,* et al., No. 08–cv–03469, *Futch v. Grondolsky,* No. 09–cv–00845, *Futch v. Grondolsky,* No. 09–cv–00778. None of these dockets indicate that he filed a *Bivens* complaint in December 2008.